COOLEY LLP
ROBERT L. EISENBACH III (124896)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
Email: reisenbach@cooley.com

Attorneys for Alleged Debtor
Liftopia, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>LIFTOPIA, INC.,<br><br>Alleged Debtor. | Involuntary Chapter 11<br><br>Case No. 20-30450 (HLB)<br><br>**LIFTOPIA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INVOLUNTARY PETITION**<br><br>Date: July 30, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>      16th Floor, Courtroom 19<br>      San Francisco, CA<br>Judge: Hon. Hannah L. Blumenstiel |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 9    Filed: 06/24/20    Entered: 06/24/20 22:19:58    Page 1 of 12

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

    I. ........Under Section 303(b)(1) Of The Bankruptcy Code, Only Creditors Who Can Prove That Their Claims Are Not Subject To A Bona Fide Dispute As to Liability Or Amount Have Standing To File An Involuntary Case............................................................................... 3

    II. .... Under Controlling Ninth Circuit Law, A Petitioning Creditor Is Disqualified If There Is A Bona Fide Dispute As to Any Amount Of That Creditor's Claim............................................ 4

    III....Each Petitioning Creditor's Claim Is The Subject Of A Bona Fide Dispute As To Amount. ................................................................................................................................. 7

CONCLUSION ........................................................................................................................ 8

Cooley LLP
Attorneys At Law
San Francisco

228611661 v1

i.

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 9    Filed: 06/24/20    Entered: 06/24/20 22:19:58    Page 2 of 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Blixseth*,
    942 F.3d 1179 (9th Cir. 2019) .................................................................................... 4, 5, 6, 7

*In re C&C Jewelry Mfg., Inc.*,
    2001 WL 36340326 (B.A.P. 9th Cir. 2009) ........................................................................ 3, 6

*In re Euro-Am. Lodging Corp.*,
    357 B.R. 700 (Bankr. S.D.N.Y. 2007) ................................................................................... 6

*Focus Media, Inc. v. Nat'l Broad. Co. (In re Focus Media, Inc.)*,
    378 F.3d 916 (9th Cir. 2004) ................................................................................................ 5

*Fustolo v. 50 Thomas Patton Drive, LLC*,
    816 F.3d 1 (1st Cir. 2016) ................................................................................................. 5, 6

*Credit Union Liquidity Servs., LLC v. Green Hills Dev. Co. (In re Green Hills Dev. Co.)*,
    741 F.3d 651 (5th Cir. 2014) ................................................................................................ 5

*Hamilton v. Lanning*,
    560 U.S. 505, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010) ........................................................ 5

*In re Harmsen*,
    320 B.R. 188 (B.A.P. 10th Cir. 2005) ................................................................................... 4

*In re Honolulu Affordable Hous. Partners, LLC*,
    2015 WL 2203473 (Bankr. D. Haw. May 7, 2015) ........................................................... 5, 6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................................................. 7

*In re Petro Fill, Inc.*,
    144 B.R. 26 (Bankr. W.D. Pa. 1992) .................................................................................... 4

*Ransom v. FIA Card Servs., N.A.*,
    562 U.S. 61, 131 S. Ct. 716 (2011) ....................................................................................... 5

*In re Rothery*,
    143 F.3d 546 (9th Cir. 1998) ................................................................................................ 3

*Subway Equip. Leasing Corp. v. Sims (In re Sims)*,
    994 F.2d 210 (5th Cir. 1993) ................................................................................................ 5

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

ii.

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 9    Filed: 06/24/20    Entered: 06/24/20 22:19:58    Page 3 of 12

*In re Vortex Fishing Systems, Inc.*,
   277 F.3d 1057 (9th Cir. 2002) .................................................................................... 3, 6, 8

**Statutes**

11 U.S.C. § 303 ..................................................................................................................... 5

11 U.S.C. § 303(b)(1) ..................................................................................................... *passim*

2005 Bankruptcy Abuse Prevention and Consumer Protection Act ................................................ 5

**Other Authorities**

Federal Rules of Bankruptcy Procedure Rule 1011 .................................................................. 4

Federal Rules of Civil Procedure Rule 12(b) ........................................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

iii.

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450   Doc# 9   Filed: 06/24/20   Entered: 06/24/20 22:19:58   Page 4 of 12

Alleged debtor, Liftopia, Inc. ("Liftopia"), by and through its counsel, the law firm of Cooley LLP, hereby submits this *Memorandum of Points and Authorities in Support of Motion to Dismiss Involuntary Petition* in opposition to the Petitioning Creditors' involuntary petition (the "Petition") filed on June 2, 2020 (the "Petition Date"),[1] together with the *Declaration of Evan Reece in Support of Motion to Dismiss* (the "Reece Declaration"), filed concurrently herewith.

## INTRODUCTION

The involuntary bankruptcy petition filed against alleged debtor Liftopia should be dismissed. The Reece Declaration demonstrates that the asserted claim of each Petitioning Creditor is the subject of a bona fide dispute as to amount. As discussed below, in light of the nature of the claims of these Petitioning Creditors, and the complexity involved in determining the amounts, the existence of bona fide disputes is not surprising. The Petitioning Creditors are not vendors selling goods or services to Liftopia and then issuing invoices in specified amounts. Rather, they are mountain resorts selling ski passes and lift tickets, often with dynamic ticket pricing, to skiers and other customers through Liftopia's online platform and involving thousands of individual transactions. Their claim amounts – for their share of revenue generated through these transactions – are subject to, among other things, adjustments for chargebacks, refunds, credits, and cancellations. All of the amounts stated in the Petition are inaccurate and subject to bona fide disputes.

Under controlling Ninth Circuit authority, these bona fide disputes as to the amount of each Petitioning Creditor's claim render all four Petitioning Creditors ineligible to commence this involuntary case under section 303(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"). Accordingly, each Petitioning Creditor lacks standing and the involuntary case should be dismissed.

---

[1] The four "Petitioning Creditors" listed on the Petition are as follows: (i) Aspen Skiing Company, L.L.C., as Managing Member of the Mountain Collective ("Mountain Collective"); (ii) Alterra Mountain Company ("Alterra"); (iii) Cypress Bowl Recreations Limited Partnership ("Cypress"); and (iv) Dundee Resort Development LLC d/b/a Arapahoe Basin Ski Area ("Arapahoe Basin").

228611661 v1     1.     MEMORANDUM ISO LIFTOPIA'S MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Cooley LLP
Attorneys At Law
San Francisco

Case: 20-30450    Doc# 9    Filed: 06/24/20    Entered: 06/24/20 22:19:58    Page 5 of 12

# FACTUAL BACKGROUND

1. Liftopia was founded in 2005 with the launch of Liftopia.com, an "Expedia-type" marketplace for lift tickets and other mountain products. While initially Liftopia sought to train its partners as revenue managers, it became apparent that offering revenue management services to its partners would be more beneficial for them. After approximately six years of operation, Liftopia launched its "Cloud Store" product, a white label e-commerce service that allows ski areas and other types of ticketing businesses to leverage what Liftopia learned as a consumer brand to sell online themselves effectively. Prior to Liftopia.com, no ski lift ticket products had ever been sold online, and until Cloud Store, no software was available for ski areas to do this themselves effectively.

2. Liftopia now operates the largest online marketplace and ticket sales platform serving the mountain activity industry. On Liftopia.com, skiers and riders can purchase lift tickets, equipment rentals, meal vouchers and more at ski areas in the U.S., Canada, and Europe. Liftopia is also the leading provider of dynamic ticket pricing and online ticket sales platforms for lift companies, water parks, and other attractions.

3. Cloud Store is now used by approximately 120 mostly small and medium sized ski resorts, water parks and other ticketing businesses to power sales through their own websites. In addition to sharing a robust reporting infrastructure with partners and the industry as a whole, Liftopia also prioritizes its team and service. Over the years, Liftopia learned that along with its software, Liftopia's service plays a huge role in execution of successful strategies for its partners. Liftopia's technology and service has helped evolve the ski industry to adopt more control over advance-purchase pricing, much like airlines and hotels have done for decades, to most efficiently price through periods of highly variable demand. Even those who do not use Liftopia's software or service regularly mimic the best practices Liftopia has defined as standard.

4. Within the past three years, Liftopia launched its white-label services in Europe, with partnerships in Switzerland, Austria, Germany, and France. Liftopia also has seen growth in new verticals, with 13 small water parks, family entertainment centers, museums, and others using Liftopia's service last summer. Over the past few months, Liftopia has witnessed how

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

2.

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 9    Filed: 06/24/20    Entered: 06/24/20 22:19:58    Page 6 of 12

critical pricing and inventory control is today as countless small businesses struggle to open safely in a COVID-19 reality. Liftopia's core competencies are extremely valuable to small businesses that cannot themselves aspire to be software companies.

5. On June 2, 2020, Mountain Collective, Alterra, Cypress, and Arapahoe Basin filed the involuntary Petition against Liftopia. In the Petition, the Petitioning Creditors asserted that, as of the Petition Date, Mountain Collective was owed $2,381,613.46, Alterra was owed $63,723.99, Cypress was owed $395,424.61, and Araphoe Basin was owed $175,704.83.

6. The amounts claimed by each Petitioning Creditor in the Petition are subject to distinct bona fide disputes. As described in detail in the Reece Declaration, Liftopia's books and records demonstrate that the Petitioning Creditors' asserted claims are all overstated: one claim is overstated by more than $45,000, another by more than $37,000, and collectively they are off by more than $86,000. The Petitioning Creditors listed claim amounts that are wrong because, among other things, they failed (a) to calculate their share of actual pass and ticket revenue accurately, (b) to account for cancellations, chargebacks, advance purchase, no-show and loyalty program participation policies, and partial and full credits, and/or (c) to incorporate other adjustments to their share of revenue properly. Liftopia disputes the amounts of each of the Petitioning Creditors' claims for these reasons.

## ARGUMENT

**I. Under Section 303(b)(1) Of The Bankruptcy Code, Only Creditors Who Can Prove That Their Claims Are Not Subject To A Bona Fide Dispute As to Liability Or Amount Have Standing To File An Involuntary Case.**

7. Section 303(b)(1) of the Bankruptcy Code provides that "[a]n involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title . . . by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a ***bona fide dispute as to liability or amount*** . . . " 11 U.S.C. § 303(b)(1) (emphasis added). The burden is on the petitioning creditors to prove that no such bona fide dispute as to liability or amount exists. *See In re C&C Jewelry Mfg., Inc.*, 2001 WL 36340326 at *8 (B.A.P. 9th Cir. 2009); *In re Vortex*

*Fishing Systems, Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002); *In re Rothery*, 143 F.3d 546, 548 (9th Cir. 1998).

8. In assessing whether a petitioning creditor has met its burden of proof under Section 303(b)(1), bankruptcy courts generally recognize that "a contested involuntary petition must be carefully scrutinized because such an action is extreme in nature and carries with it serious consequences for the alleged debtor, such as a loss of credit standing, interference with its general business, and public embarrassment." *In re Petro Fill, Inc.*, 144 B.R. 26, 29 (Bankr. W.D. Pa. 1992); *see also In re Harmsen*, 320 B.R. 188, 202 (B.A.P. 10th Cir. 2005) (recognizing that an involuntary bankruptcy case can be disastrous for the alleged debtor and finding that courts must "carefully balance" the grounds for entering the order for relief with the "intrinsic risk" involved in an involuntary bankruptcy case).

9. Given the severity of an involuntary petition, Rule 1011 of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b) of the Federal Rules of Civil Procedure ("<u>FRCP Rule 12(b)</u>"), permitting an alleged debtor to raise certain defenses and objections by motion. Liftopia brings this motion to dismiss under FRCP Rule 12(b) because the Petitioning Creditors lack eligibility and standing to file the Petition and to commence the involuntary case. As such, the case should be dismissed.

## II. Under Controlling Ninth Circuit Law, A Petitioning Creditor Is Disqualified If There Is A Bona Fide Dispute As to Any Amount Of That Creditor's Claim.

10. Controlling Ninth Circuit case law is clear that the existence of a bona fide dispute as to *any amount* is sufficient to disqualify a petitioning creditor. In *In re Blixseth*, 942 F.3d 1179, 1185-86 (9th Cir. 2019), the Ninth Circuit held late last year that a partial dispute as to the amount of a petitioning creditor's claim means that creditor lacks standing to serve as a petitioning creditor, even if the undisputed portion of the claim amount is above the statutory threshold. The Ninth Circuit explained its reasoning as follows:

> Because a dispute as to liability in a sense renders the entire amount of the claim disputed, the statute's reference to "amount" encompasses a dispute as to less than the entire amount. Furthermore, the statute's plain language does not cabin disputes as to amount to only disputes that drop the amount of a claim below the statutory threshold. Indeed, the statutory text does not qualify the word "amount" at all. See *Fustolo*, 816 F.3d at 10. We

must endeavor to give effect to all words in a statute. *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 131 S. Ct. 716 (2011) And, Congress's inclusion of the word "amount" could be rendered superfluous if a claim validly but partially disputed in amount still qualified as a claim that is not "the subject of a bona fide dispute as to liability or amount."

Nevertheless, prior bankruptcy practice is informative, and we "will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure." *Hamilton v. Lanning*, 560 U.S. 505, 516, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010) (citation omitted). Before the BAPCPA amendment to § 303(b)(1), circuits did not treat disputes as to amount uniformly. Compare *In re Focus Media, Inc.*, 378 F.3d at 926, with *In re Sims*, 994 F.2d at 221. Although the BAPCPA amendment clearly erodes the past practice of excluding amount-based disputes, it does not clearly adopt the materiality requirement imposed by *Focus Media* and related cases.

Two circuit courts have interpreted the post-BAPCPA version of § 303(b)(1), and both followed the plain language of the statute. The First Circuit held that any dispute as to amount disqualifies the claimholder from acting as a petitioning creditor. See *Fustolo*, 816 F.3d at 10 (declining to "read a materiality requirement into section 303" and instead following "the straightforward reading of section 303, which places no qualifiers on the requirement that any asserted claim be free of 'bona fide dispute as to ... amount' " (alteration in original)). The Fifth Circuit emphasized that through the BAPCPA amendment to § 303(b)(1), "Congress has made clear that a claimholder does not have standing to file an involuntary petition if there is a 'bona fide dispute as to liability or amount' of the claim." *In re Green Hills Dev. Co.*, 741 F.3d at 660.

**We agree with our sister circuits' adherence to the statute's plain meaning and hold that a creditor whose claim is the subject of a bona fide dispute as to amount lacks standing to serve as a petitioning creditor under § 303(b)(1) even if a portion of the claim amount is undisputed.**

*In re Blixseth*, 942 F.3d 1179, 1185-86 (9th Cir. 2019) (emphasis added).

11. Bankruptcy courts had previously reached the same conclusion. In *In re Honolulu Affordable Hous. Partners, LLC*, 2015 WL 2203473, at *2 (Bankr. D. Haw. May 7, 2015), a 2015 decision fully consistent with the *Blixseth* Court's interpretation of Section 303(b)(1), the court held as follows: "The amount in controversy may be only a hundred dollars or so. This is very small, both in absolute terms and in comparison with [the creditor's] total claim. But section 303 makes clear that any bona fide dispute about the amount of the claim, regardless of its size, disqualifies the creditor from filing a petition. Congress can grant, withhold, limit, or condition the involuntary bankruptcy remedy as it wishes. This limitation may have undesirable consequences, but the court's job is to apply the statute as written."

12. Congress amended section 303(b)(1) of the Bankruptcy Code as part of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("<u>BAPCPA</u>") to clarify that a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

5.

MEMORANDUM ISO LIFTOPIA'S MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450   Doc# 9   Filed: 06/24/20   Entered: 06/24/20 22:19:58   Page 9 of 12

petitioning creditor's claim must not be the subject of a bona fide dispute "as to liability or amount." In addition to the Ninth Circuit, other circuits and bankruptcy courts hold that a bona fide dispute as to *any amount* of a petitioning creditor's claim strips the creditor of standing under 303(b)(1) of the Bankruptcy Code. *See, e.g.*, *Fustolo v. 50 Thomas Patton Drive, LLC*, 816 F.3d 1, 10 (1st Cir. 2016) (declining to "read an implicit materiality requirement into the statutory language 'bona fide dispute as to liability or amount'"); *In re Euro-Am. Lodging Corp.*, 357 B.R. 700, 712 n.8 (Bankr. S.D.N.Y. 2007) ("As a result of the [2005 BAPCPA] amendment, any dispute regarding the amount that arises from the same transaction and is directly related to the underlying claim should render the claim subject to a *bona fide* dispute.").

13. For purposes of determining whether the Petitioning Creditors are eligible to seek relief under section 303(b)(1) of the Bankruptcy Code, the magnitude of the disputed amounts is irrelevant. Instead, the Court must only determine whether a dispute as to any amount exists. *In re Blixseth*, 942 F.3d at 1187; *In re Honolulu Affordable Hous. Partners, LLC*, 2015 WL 2203473 at *2.

14. The existence of a bona fide dispute is governed by an "objective test," which requires only that a bankruptcy court determine "whether there is an objective basis for either a factual or a legal dispute as to the validity of the debt." *In re Vortex*, 277 F.3d at 1064; *see also In re C&C Jewelry*, 2001 WL at *8 ("In the context of an involuntary petition, if there is a genuine issue of material fact that bears upon the debtor's liability or amount of the claim, then the petition must be dismissed."). Importantly, application of the objective test does not require the bankruptcy court to determine "the potential outcome of a dispute, but merely to determine whether there are facts that give rise to a legitimate disagreement over whether money is owed, or, in certain cases, how much." *In re Vortex*, 277 F.3d at 1064. Under the objective test, for the reasons set forth in the Reece Declaration, bona fide disputes exist as to the amount of all of the Petitioning Creditors' claims.

228611661 v1                                                6.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450   Doc# 9   Filed: 06/24/20   Entered: 06/24/20 22:19:58   Page 10 of 12

**III. Each Petitioning Creditor's Claim Is The Subject Of A Bona Fide Dispute As To Amount.**

15. As detailed in the Reece Declaration, the amounts of each Petitioning Creditor's claim are incorrect and overstated. Given the nature of the claims of these Petitioning Creditors, and the complexity involved in determining the actual amounts owed, the existence of bona fide disputes with these types of creditors is not surprising. The Petitioning Creditors are not vendors or service providers. They did not sell goods or services to Liftopia and they did not issue invoices in the specific amounts they claim. Instead, they are mountain resorts selling ski passes and lift tickets, often with dynamic ticket pricing, to skiers and other customers through Liftopia's online platform and involving thousands of individual transactions. The Petitioning Creditors' claims are for their share of these sales, but those shares are subject to a number of adjustments as described above. The Petitioning Creditors have failed to calculate their revenue shares correctly, or to account for all applicable adjustments, or both. As a result, the amounts asserted in the Petition are inflated and Liftopia rightly disputes all of them.

16. The Ninth Circuit has made clear that a bona fide dispute as to any amount is disqualifying. Here, the claim amounts listed in the Petition are wrong in the collective amount of over $86,000. One Petitioning Creditor has overstated its claim by more than $45,000, another by more than $37,000, and the claims of the other two Petitioning Creditors are likewise overstated. Liftopia disputes the amounts of the Petitioning Creditors' claims for the reasons explained in the Reece Declaration. Under the objective test, these disputes are all bona fide.

17. The Petition therefore suffers from a fatal defect that requires dismissal: the Petitioning Creditors lack the requisite "three or more entities, each of which is [a] holder of a claim" that is not "the subject of a bona fide dispute as to liability or amount" required by section 303(b)(1) of the Bankruptcy Code. 11 U.S.C. § 303(b)(1). The bona fide disputes as to the amounts of the claims of all four Petitioning Creditors disqualify them and all Petitioning Creditor lack standing to file the Petition. *In re Blixseth*, 942 F.3d 1179, 1185-86 (9th Cir. 2019).

18. As such, there are no eligible petitioning creditors before the Court with standing and the involuntary case should be dismissed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

7.

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450   Doc# 9   Filed: 06/24/20   Entered: 06/24/20 22:19:58   Page 11 of 12

560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). *See In re Vortex*, 277 F.3d at 1064-1070 (affirming bankruptcy court's dismissal of an involuntary petition after finding that the only eligible petitioner had withdrawn, and that the remaining three petitioners were not eligible because their claims were the subject of a bona fide dispute or did not meet the claim amount requirement).

## CONCLUSION

19. For the reasons discussed above, the existence of bona fide disputes as to the amounts purportedly owed to the Petitioning Creditors renders each Petitioning Creditor ineligible to file the involuntary petition. Each Petitioning Creditor therefore lacks standing under section 303 of the Bankruptcy Code and the Petition and this involuntary case should be dismissed.

Dated: June 24, 2020                    COOLEY LLP


By: /s/ *Robert L. Eisenbach III*
           Robert L. Eisenbach III

Attorneys for Alleged Debtor
Liftopia, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228611661 v1

8.

MEMORANDUM ISO LIFTOPIA'S MOTION TO
DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 9    Filed: 06/24/20    Entered: 06/24/20 22:19:58    Page 12 of 12