COOLEY LLP
ROBERT L. EISENBACH III (124896)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
Email: reisenbach@cooley.com

Attorneys for Alleged Debtor
Liftopia, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>LIFTOPIA, INC.,<br><br>　　　　Alleged Debtor. | Involuntary Chapter 11<br><br>Case No. 20-30450 (HLB)<br><br>**DECLARATION OF EVAN REECE IN SUPPORT OF LIFTOPIA, INC.'S MOTION TO DISMISS THE INVOLUNTARY PETITION**<br><br>Date: July 30, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>　　　　16th Floor, Courtroom 19<br>　　　　San Francisco, CA<br>Judge: Hon. Hannah L. Blumenstiel |

I, Evan Reece, declare as follows under penalty of perjury:

　　　　1.　　　　I am the Chief Executive Officer and Co-Founder of Liftopia, Inc. ("Liftopia"), the alleged debtor in this matter, and I have personal knowledge of each fact stated in this declaration.

　　　　2.　　　　Liftopia was founded in 2005 with the launch of Liftopia.com, an "Expedia-type" marketplace for lift tickets and other mountain products. While initially Liftopia sought to train its partners as revenue managers, it became apparent that offering revenue management services to its partners would be more beneficial for them. After approximately six years of operation,

<br><br>

<br>

<br>

<br>

<br>

228520111 v2

1.

DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

<br>

<br>
COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

<br>

<br>

<br>

<br>

Case: 20-30450　　Doc# 10　　Filed: 06/24/20　　Entered: 06/24/20 22:21:52　　Page 1 of 4

Liftopia launched its "Cloud Store" product, a white label e-commerce service that allows ski areas and other types of ticketing businesses to leverage what Liftopia learned as a consumer brand to sell online themselves effectively. Prior to Liftopia.com, no ski lift ticket products had ever been sold online, and until Cloud Store, no software was available for ski areas to do this themselves effectively.

3. Liftopia now operates the largest online marketplace and ticket sales platform serving the mountain activity industry. On Liftopia.com, skiers and riders can purchase lift tickets, equipment rentals, meal vouchers and more at ski areas in the U.S., Canada, and Europe. Liftopia is also the leading provider of dynamic ticket pricing and online ticket sales platforms for lift companies, water parks, and other attractions.

4. Cloud Store is now used by approximately 120 mostly small and medium sized ski resorts, water parks and other ticketing businesses to power sales through their own websites. In addition to sharing a robust reporting infrastructure with partners and the industry as a whole, Liftopia also prioritizes its team and service. Over the years, Liftopia learned that along with its software, Liftopia's service plays a huge role in execution of successful strategies for its partners. Liftopia's technology and service has helped evolve the ski industry to adopt more control over advance-purchase pricing, much like airlines and hotels have done for decades, to most efficiently price through periods of highly variable demand. Even those who do not use Liftopia's software or service regularly mimic the best practices Liftopia has defined as standard.

5. Within the past three years, Liftopia launched its white-label services in Europe, with partnerships in Switzerland, Austria, Germany, and France. Liftopia also has seen growth in new verticals, with 13 small water parks, family entertainment centers, museums, and others using Liftopia's service last summer. Over the past few months, Liftopia has witnessed how critical pricing and inventory control is today as countless small businesses struggle to open safely in a COVID-19 reality. Liftopia's core competencies are extremely valuable to small businesses that cannot themselves aspire to be software companies.

6. On June 2, 2020 (the "Petition Date"), Aspen Skiing Company, L.L.C., as Managing Member of the Mountain Collective ("Mountain Collective"), Alterra Mountain

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228520111 v2

2.

DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 10    Filed: 06/24/20    Entered: 06/24/20 22:21:52    Page 2 of 4

Company ("Alterra"), Cypress Bowl Recreations Limited Partnership ("Cypress"), and Dundee Resort Development LLC d/b/a Arapahoe Basin Ski Area ("Arapahoe Basin," and together with Mountain Collective, Alterra, and Cypress, the "Petitioning Creditors") filed an involuntary petition against Liftopia (the "Petition"). The Petitioning Creditors are mountain resorts that sell ski passes and lift tickets products through Liftopia's platform.

7. Given its extensive business as described above, as of the Petition Date, Liftopia had, and continues to have, twelve or more entities or individuals holding claims that are not contingent as to liability or subject to a bona fide dispute as to liability or amount.

8. In the Petition, the Petitioning Creditors declared under penalty of perjury that each Petitioning Creditor was eligible to file the Petition under 11 U.S.C. § 303(b). I understand that eligibility under 11 U.S.C. § 303(b) rests, in part, on whether the Petitioning Creditors hold claims that are not the subject of a bona fide dispute as to liability or amount.

9. In this case, each Petitioning Creditor's claim as asserted in the Petition is, in fact, the subject of a bona fide dispute as to amount.

10. In the Petition, Mountain Collective asserts that it was owed $2,381,613.46 as of the Petition Date. This is not correct. Instead, Liftopia's books and records demonstrate that the claimed amount listed in the Petition is overstated by at least $37,561.18 and that Mountain Collective was owed no more than $2,344,052.48. As a result, Liftopia has a bona fide dispute as to the amount of Mountain Collective's claim.

11. Alterra asserts that it was owed $63,723.99 as of the Petition Date. This is not correct. Instead, Liftopia's books and records demonstrate that the claim amount listed in the Petition is overstated by at least $45,479.31 and that Alterra is owed no more than $18,244.68. As a result, Liftopia has a bona fide dispute as to the amount of Alterra's claim.

12. Cypress asserts that it was owed $395,424.61 as of the Petition Date. This is not correct. Instead, Liftopia's books and records demonstrate that the claimed amount is overstated by at least $524.99 and that Cypress is owed no more than $394,899.62. As a result, Liftopia has a bona fide dispute as to the amount of Cypress's claim.

13. Arapahoe Basin asserts that it was owed $175,704.83 as of the Petition Date. This

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228520111 v2

3.

DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450   Doc# 10   Filed: 06/24/20   Entered: 06/24/20 22:21:52   Page 3 of 4

is not correct. Instead, Liftopia's books and records demonstrate that the claimed amount is overstated by at least $2,584.90 and that Arapahoe Basin is owed no more than $172,119.93. As a result, Liftopia has a bona fide dispute as to the amount of Arapahoe Basin's claim.

14. The Petitioning Creditors are not vendors selling goods or services and then issuing invoices to Liftopia in specified amounts. Instead, they are mountain resorts selling ski passes and lift tickets, often with dynamic ticket pricing, to skiers and other customers through Liftopia's online platform and involving thousands of individual transactions. The Petitioning Creditors' claims are for their share of these sales, subject to a number of adjustments, and in the Petition they have asserted inflated amounts.

15. The Petitioning Creditors listed claim amounts in the Petition that are wrong collectively by over $86,000 because they failed (a) to calculate their share of actual pass and ticket revenue accurately, (b) to account for cancellations, chargebacks, advance purchase, no-show and loyalty program participation policies, and partial and full credits, and/or (c) to incorporate other adjustments to their share of revenue properly. Liftopia disputes the amounts of each of the Petitioning Creditors' claims for these reasons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 24, 2020

_____
Evan Reece

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

228520111 v2

4.

DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 10    Filed: 06/24/20    Entered: 06/24/20 22:21:52    Page 4 of 4