COOLEY LLP
ROBERT L. EISENBACH III (124896)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
Email: reisenbach@cooley.com

Attorneys for Alleged Debtor
Liftopia, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>LIFTOPIA, INC.,<br><br>           Alleged Debtor. | Involuntary Chapter 11<br><br>Case No. 20-30450 (HLB)<br><br>**SUPPLEMENTAL DECLARATION OF EVAN REECE IN SUPPORT OF LIFTOPIA, INC.'S MOTION TO DISMISS THE INVOLUNTARY PETITION**<br><br>Date: August 6, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>       16th Floor, Courtroom 19<br>       San Francisco, CA<br>Judge: Hon. Hannah L. Blumenstiel |

I, Evan Reece, declare as follows under penalty of perjury:

1. I am the Chief Executive Officer and Co-Founder of Liftopia, Inc. ("Liftopia"), the alleged debtor in this matter, and I have personal knowledge of each fact stated in this declaration.

2. This Supplemental Declaration is filed to make small corrections to amounts listed in my Declaration filed on June 24, 2020 (Docket No. 10). In my prior Declaration, I identified specific amounts as shown in Liftopia's books and records for each of the four Petitioning Creditors. Those amounts were calculated using Liftopia's computer system but, upon further

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

229557374 v1

1.

SUPP. DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 19    Filed: 07/24/20    Entered: 07/24/20 17:14:09    Page 1 of 3

review, they require two corrections. First, due to an error in a case sensitive query, specifically using a lower case letter instead of an upper case letter, a small number of transactions related to a third-party lodging provider were missed in the prior calculations and are now included. Second, one refunded order was inadvertently double-counted in the prior calculations and the double counting has now been eliminated.

3. The aggregate difference from the amounts listed in my prior Declaration is $877.13. The actual amount owed to two of the Petitioning Creditors is slightly lower and for the other two Petitioning Creditors is slightly higher. In the aggregate, instead of the amounts claimed by the Petitioning Creditors in the Petition being overstated by $86,150.38, they are actually overstated by $85,273.25.

4. These small adjustments do not change the fact that each Petitioning Creditor's claim, as asserted in the Petition, remains the subject of a bona fide dispute as to amount. The specific corrected amounts are detailed below.

5. The first time that I, or to my knowledge anyone else at Liftopia, saw that the Petitioning Creditors were asserting that the specific amounts claimed in Petition were owed as of June 2, 2020, was after the Petition was filed. Once the Petition was filed, Liftopia tried to determine how the Petitioning Creditors calculated the erroneous claim amounts listed in the Petition but Liftopia has been unable to do so.

6. In the Petition, Mountain Collective incorrectly asserts that it was owed $2,381,613.46 as of the Petition Date. Instead, Liftopia's books and records demonstrate that the claimed amount listed in the Petition is overstated by at least $37,029.54 (not $37,561.18 as listed in my prior Declaration) and that Mountain Collective was owed no more than $2,344,583.92 (not $2,344,052.48 as listed in my prior Declaration). As a result, Liftopia has a bona fide dispute as to the amount of Mountain Collective's claim.

7. Alterra incorrectly asserted in the Petition that it was owed $63,723.99 as of the Petition Date. Instead, Liftopia's books and records demonstrate that the claim amount listed in the Petition is overstated by at least $44,893.71 (not $45,479.31 as listed in my prior Declaration) and that Alterra is owed no more than $18,830.28 (not $18,244.68 as listed in my prior

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

229557374 v1

2.

SUPP. DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450    Doc# 19    Filed: 07/24/20    Entered: 07/24/20 17:14:09    Page 2 of 3

Declaration). As a result, Liftopia has a bona fide dispute as to the amount of Alterra's claim.

8. Cypress incorrectly asserted in the Petition that it was owed $395,424.61 as of the Petition Date. Instead, Liftopia's books and records demonstrate that the claimed amount is overstated by at least $618.38 (not $524.99 as listed in my prior Declaration) and that Cypress is owed no more than $394,806.23 (not $394,899.62 as listed in my prior Declaration). As a result, Liftopia has a bona fide dispute as to the amount of Cypress's claim.

9. Arapahoe Basin incorrectly asserted in the Petition that it was owed $175,704.83 as of the Petition Date. Instead, Liftopia's books and records demonstrate that the claimed amount is overstated by at least $2,731.62 (not $2,584.90 as listed in my prior Declaration) and that Arapahoe Basin is owed no more than $172,973.21 (not $172,119.93 as listed in my prior Declaration). As a result, Liftopia has a bona fide dispute as to the amount of Arapahoe Basin's claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 24, 2020

_____
Evan Reece

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

229557374 v1

3.

SUPP. DECL. OF EVAN REECE ISO LIFTOPIA'S
MOTION TO DISMISS INVOLUNTARY PETITION
CASE NO. 20-30450 (HLB)

Case: 20-30450   Doc# 19   Filed: 07/24/20   Entered: 07/24/20 17:14:09   Page 3 of 3